IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| MALCOLM C. MACK | § | |
| v. | § | CIVIL ACTION NO. 5:23cv130 |
| BOWIE COUNTY DETENTION CENTER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Malcolm Mack, a former inmate of the Bowie County Correctional Center proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights by officials in Bowie County, Texas. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and Local Rule CV-72 of the Local Rules of Court for the Eastern District of Texas. The named Defendants are the Bowie County Correctional Center, prosecutor Kelly Crisp, Judge John Tidwell, and Public Defender Bart Craytor.

**I. Background**

Plaintiff complains that he was arrested on November 9, 2022, for unlawful possession of a firearm, but he was not indicted until June 1, 2023, which is 204 days later. He says that he called the prosecutor's office asking what was going to be done with his case and then was indicted the next day.

Plaintiff states, without explanation, that the prosecutor sent his court documents to "unreachable places." (Dkt. No. 1, p. 4). He contends that public defender Bart Craytor reassigned court on August 28 and he went to the wrong court and was detained, and has been in the Bowie County Jail ever since then. He asked Judge Tidwell why he had not been indicted in 180 days and the judge gave the prosecutor 30 more days to come up with something. For relief, Plaintiff states

1

that Bowie County should be held responsible for violating his rights and that he should be paid for the suffering, pain, mental damages, and days locked up. The online records of Bowie County show that Plaintiff pleaded guilty to unlawful carrying of a weapon on November 6, 2023, receiving a sentence of 79 days in jail, with 79 days of credit for time served. *See* https://portal-txbowie.tylertech.cloud/PublicAccess/CaseDetail.aspx?CaseID=886152. .

On November 16, 2023, Plaintiff was ordered to pay the statutory filing fee or submit a certified *in forma pauperis* data sheet or inmate account summary sheet, as required by 28 U.S.C. § 1915(b). See Dkt. No. 4. By separate order, Plaintiff was directed to file an amended complaint containing a short and plain statement of his claims. See Dkt. No. 3. These orders were sent to Plaintiff at his last known address but were returned as undeliverable. The on-line records of the Bowie County Jail show that there was a hold from Miller County, Arkansas, and Plaintiff was released from the jail on November 9, 2023. The complaint which Plaintiff filed contains a declaration stating "I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit." (Dkt. No. 1, p. 5). *See also* Local Rule CV-11(d) of the Local Rules of Court for the Eastern District of Texas (a *pro se* litigant must provide the Court with a physical address and is responsible for keeping the Clerk of Court advised in writing of his current physical address). Consequently, the lawsuit may be dismissed for failure to prosecute or to obey an order of the Court. Fed. R. Civ. P. 41(b).

**II. Discussion**

However, Plaintiff's lawsuit suffers from more significant flaws. He sues public defender Bart Craytor, but attorneys serving as defense counsel, even if court-appointed, are not state actors and therefore cannot be sued under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 318, 324-25 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). Plaintiff's claims against Craytor fail to state a claim upon which relief may be granted.

Plaintiff also sues prosecutor Kelly Crisp, saying that he was not indicted until 204 days after

his arrest, and then he was indicted the day after he called the prosecutor's office asking what they were going to do about his case. He also complained, without explanation, that "the prosecutor sent my court documents to unreachable places" and that he was detained after going to the wrong court. The Supreme Court has explained that acts taken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of her role as an advocate for the State, are entitled to the protections of absolute immunity. *Imbler v. Pachtman*, 424 U.S. 409. 431 (1976); *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994). Plaintiff's complaint concerning the timing of his indictment is not sufficient to overcome this immunity, and his assertion that court documents were sent to "unreachable places," without more, is too vague and conclusory to state a claim. *See Hunter v. James*, 717 F.App'x 500, 501 (5th Cir. 2018), *citing Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). Plaintiff's claims against Crisp likewise fail to state a claim upon which relief may be granted.

Plaintiff complains that he told Judge Tidwell that he had not been indicted in 180 days, and the judge gave the prosecutor 30 more days to come up with something. Plaintiff cannot obtain monetary damages from Judge Tidwell for actions taken in his judicial capacity because Judge Tidwell is shielded by the doctrine of judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Davis v. Tarrant County*, 565 F.3d 214, 221 (5th Cir. 2009). Such immunity does not apply in two circumstances: where the challenged action is not taken in the judge's judicial capacity, and where the action, though judicial in nature, is taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. Allegations of bad faith or malice are not sufficient to overcome judicial immunity. *Id*. The Fifth Circuit has explained in this regard that "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *May v. Sudderth*, 97 F.3d 107, 110-111 (5th Cir. 1996), *citing Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *see also Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir.), *cert. denied*, 492 U.S. 921 (1989) (judge is absolutely immune from all judicial acts "not performed in clear absence of all jurisdiction,

however erroneous the act and however evil the motive"); *Burks v. Price*, civil action no. 6:13cv746, 2015 U.S. Dist. LEXIS 74720 at *29 (E.D. Tex. 2015), *aff'd* 654 F.App'x 670 (5th Cir. 2016).

Plaintiff has not alleged that any actions taken by Judge Tidwell were done in the complete absence of the judge's jurisdiction. Plaintiff's claim against Judge Tidwell fails to state a claim upon which relief may be granted.

Finally, Plaintiff names the Bowie County Correctional Center as a defendant. The Bowie County Correctional Center is a sub-unit of Bowie County and has no separate jural existence apart from the county. *Rowe v. Bowie County Correctional Center*, civil action no. 5:13cv78, 2013 U.S. Dist. LEXIS 151165 at *2 (E.D.Tex. 2013). As such, the Bowie County Correctional Center cannot be sued in its own name. *Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991). Plaintiff does not allege, much less show, that the true political entity, Bowie County, has taken explicit steps to grant the correctional center jural authority, meaning that the correctional center cannot engage in any litigation except in concert with the county itself. *Id.*; *see also Barrie v. Nueces County District Attorney's Office*, 753 F.App'x 260, 264 (5th Cir. 2018); *Goodnight v. Rains County Sheriff's Department*, civil action no. 6:13cv96, 2013 U.S. Dist. LEXIS 80946 at *2, 2013 WL 2551879 (E.D.Tex. 2013). Because the Bowie County Correctional Center has no separate jural existence and is not a suable entity, Plaintiff has failed to state a claim upon which relief may be granted against the correctional center.

### III. Conclusion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts that, taken as true, state a claim that is plausible on its face and thus does not raise

a right to relief above the speculative level. *Montoya v. FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This plausibility standard is not akin to a probability requirement, but asks for more than a possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Detailed factual allegations are not required, but the claim must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677-78. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*. at 678.

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010), *citing Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Dismissal is proper if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios*, 444 F.3d at 421.

The Fifth Circuit has explained that while *pro se* complaints are given the benefit of liberal construction, such litigants are not exempt from the requirement that they plead sufficient facts to allege a plausible claim for relief or from the principle that mere legal conclusions do not suffice to prevent dismissal. *Taylor v. Books A Million, Inc*., 296 F.3d 376, 378 (5th Cir. 2002). This means that the court is still bound by the allegations of the complaint and is not free to speculate that the plaintiff "might" be able to state a claim if given yet another opportunity to amend the complaint. *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). The court explained as follows:

> For example, if an IFP plaintiff, in amending his complaint through a response to a questionnaire, alleges in his response that he received inadequate medical care while incarcerated, we should not reverse the dismissal of the complaint on the basis that the plaintiff could possibly add facts that would demonstrate that he was treated with deliberate indifference in the medical care that he received. As another example, if an IFP prisoner asserts in the questionnaire response that he has been denied recreation time, we should not reverse dismissal on the ground that he might also be able to assert a claim that the denial was in retaliation for his having filed a grievance.

*Id.* at 97.

Plaintiff's lawsuit fails to state a claim upon which relief may be granted because the Defendant defense attorney is not a state actor, the judge and prosecutors are protected by absolute immunity, and the Bowie County Correctional Center is not a suable entity. Consequently, the lawsuit should be dismissed.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed with prejudice for failure to state a claim upon which relief may be granted. The dismissal of this lawsuit should have no effect upon Plaintiff's right to challenge the legality of his conviction through any lawful means, including but not limited to state or federal habeas corpus proceedings or seeking executive clemency.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 7th day of August, 2024.

J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE